NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 9, 2022[*]
Decided June 29, 2022

**Before**

JOEL M. FLAUM, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 22-1008

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-cr-00222-JMS-TAB-11 |
| JAMES O. BEASLEY, also known as JAKE, *Defendant-Appellant*. | **Jane Magnus-Stinson**, *Judge*. |

**O R D E R**

This appeal from a re-sentencing illustrates well the concept of a sentencing "package" in multi-count cases. This case shows why a district court may and usually should reconsider the entire package with such a remand, unless the remand comes with different instructions.

---

[*] The panel that decided appeal no. 20-1266 is treating this appeal as successive under this court's Internal Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a)(2)(C).

Defendant James O. Beasley appeals here his sentence of 151 months in prison on one count of possessing methamphetamine with intent to distribute it. Beasley was tried as part of a larger methamphetamine case in 2019. In that trial, he was also convicted on two additional charges, one for conspiring to distribute methamphetamine and one additional count of possessing methamphetamine with intent to distribute. His original sentence was 216 months, consisting of 216 months on the conspiracy charge and 60 months on each of the possession charges, all to run concurrently. That sentence was below Beasley's guideline range of 235 to 293 months.

In the prior appeal, we affirmed all other defendants' convictions and sentences, but we set aside Beasley's convictions on the latter two charges—the conspiracy and the second possession charge—for insufficient evidence. *United States v. Vizcarra-Millan*, 15 F.4th 473, 510–13 (7th Cir. 2021). The government offered evidence that Beasley made multiple purchases of distribution quantities of methamphetamine in September 2017. We held, however, that the evidence was insufficient to distinguish, at least beyond a reasonable doubt, between Beasley having only a buyer-seller relationship and being a member of the larger conspiracy. *Id*. at 510–12. On the second possession charge, the government chose not to call any witnesses, such as Beasley's then-girlfriend, Susan Koch, who could provide direct evidence of his alleged control over the methamphetamine found in Koch's home. We found the evidence actually presented at trial was insufficient to find possession beyond a reasonable doubt. We remanded Beasley's case for re-sentencing on the one conviction that remained, Count 16, for possessing methamphetamine with intent to distribute.

On remand, the critical issue in the new guideline calculation was the scope of Beasley's relevant conduct. The probation office eventually recommended, and the court ultimately agreed, that Beasley's offense level under the Guidelines should drop from the original 34 to 32. That level reflected the subtraction of the methamphetamine found in Koch's house. It still included as relevant conduct, however, the September 2017 purchases of about twelve ounces of methamphetamine that Beasley made from one of the conspirators. With the unchanged criminal history of category V, Beasley's new guideline range on remand became 188 to 235 months.

On remand, Beasley argued that the court should stick with its original sentence of 60 months on Count 16. The government argued for an unchanged total sentence of 216 months, near the middle of the new guideline range. As noted, the district court imposed a sentence of 151 months on Count 16, significantly below the guideline range but substantially higher than the original sentence on that count.

We find no error in the re-sentencing. The district court acted correctly in treating Beasley's September purchases from conspirator Carroll as relevant conduct. The evidence at trial showed that Beasley was certainly dealing significant quantities of methamphetamine. We reversed the conspiracy conviction not because of any doubt about whether he made the purchases, but only because the government's evidence of Beasley's dealing did not necessarily show that he was part of the larger conspiracy. The district court had, and we have, no doubt that he was dealing those distribution quantities he was buying from Carroll.

The district court properly treated those purchases as relevant conduct under U.S.S.G. § 1B1.3. Sent. Tr. at 12. This is not a close question. The court properly considered consider whether the government had shown significant similarity, regularity, and temporal proximity between the offense of conviction and the other acts. *United States v. Artley*, 489 F.3d 813, 822 (7th Cir. 2007), citing *United States v. Acosta*, 85 F.3d 275, 281 (7th Cir. 1996). Beasley was convicted for possessing with intent to distribute several ounces of methamphetamine that he bought from Carroll on September 11, 2017. The other four purchases, over the preceding nine days, were of the same drug from the same source.

Beasley argues on appeal that the district court should have imposed the same 60-month sentence on Count 16 that it imposed originally. Nothing had changed about that particular count, he argues. When an appellate court sets aside one or more parts of the convictions and sentences that are part of a larger sentencing package, however, the district court is ordinarily free to re-evaluate its earlier sentences on the remaining counts. E.g., *United States v. Jett*, 982 F.3d 1072, 1079 (7th Cir. 2020), citing *Dean v. United States*, 137 S. Ct. 1170, 1176 (2017), and *Pepper v. United States*, 562 U.S. 476, 507 (2011); *United States v. Brazier*, 933 F.3d 796, 801–02 (7th Cir. 2019). The district court explained at the re-sentencing that it had imposed the original 60-month sentence for Count 16 only as part of a package that included the 216-month sentence on the conspiracy charge. Sent. Tr. at 24–28.

Beasley contends on appeal, in essence, that because we reversed his conspiracy conviction, which was the "lead" charge, he is entitled to a bigger break on remand. He is not. He was entitled to have the district court take a fresh look at the remaining conviction, to recalculate the guideline range, and to make a new decision about an appropriate sentence for that conviction, taking into account all relevant conduct under the Guidelines. That's what the district court did.

Beasley's argument highlights a feature of the guideline calculations for his earlier sentence that worked substantially to his benefit. In calculating the drug quantity for which Beasley should be held accountable, the district court originally held him accountable only for the methamphetamine he bought himself, not for any of the much larger quantities of methamphetamine that were distributed by the larger conspiracy. In drug conspiracies, members can often be held accountable for drug quantities well in excess of their personal, hands-on involvement, as long as the conspiracy's wider activities were foreseeable to them. See U.S.S.G. § 1B1.3(a)(1)(B). The district court did not try to hold Beasley accountable for those larger quantities in the original sentence. And as explained, Beasley still made those multiple purchases of methamphetamine in September 2017 and was properly held accountable for them as relevant conduct in both the original sentence and the re-sentencing.

Beasley also argues that his new sentence was unreasonable because he was less culpable than other defendants. The defendants with whom he compares himself, however, pled guilty and provided substantial assistance to the government. The district court was not required to sentence Beasley as if he had done the same. And we repeat that Beasley was held accountable only for methamphetamine that he actually purchased for purposes of distribution. The district court agreed with Beasley that he was less culpable than other defendants who had been part of the larger conspiracy, and the court relied on that judgment to sentence Beasley well below the applicable guideline range.

The judgment of the district court is AFFIRMED.